Joseph M. Pawlowic and Agnes M. Pawlowic, Plaintiffs-Appellees, v. George W. Pearce, Individually and George W. Pearce, d/b/a George W. Pearce Companies (George W. Pearce, Defendant-Appellant).

Gen. No. 64–98.

Second District.

May 4, 1965.

Goldsmith, Dyer & Thelin, of Aurora, for appellant.

J. Robert Murphy, of Aurora, for appellees.

ABRAHAMSON, P. J.

This is an appeal from the Circuit Court of Kane County from a judgment entered on jury verdicts awarding the plaintiffs actual damages in the amount of $750 and punitive damages in the amount of $5577.

To review the errors urged by the defendant, a brief summary of evidence adduced is necessary. The plaintiffs listed a home for sale in Aurora, Illinois, with the defendant's real estate office during the summer of 1962, agreeing to pay a commission of six percent on the gross sales price. Through the efforts of the defendant, on the 18th of September, 1962, Nathaniel and Mary Ann Barnes submitted an offer to purchase the property for $13,500 contingent upon securing financing in the amount of $12,600. The mortgage commitment and cash available to the purchasers fell $750 short of the purchase price. The plaintiffs agreed to accept a second mortgage for the difference but then refused to do so, upon being advised by the lending institution that secondary financing was contrary to the regulations for a guaranteed loan. Defendant then on the 27th of November obtained an agreement from the plaintiffs to reduce the purchase price to $12,750 to enable the consummation of the sale, advising that he had received $200 from the purchasers

and accordingly reduced his commission by that amount. The $12,750 was available as follows: $1,500 cash from purchasers and $11,250 from the mortgage source.

On November 26 the defendant addressed a communication to the purchasers reciting the original price of $13,500 to be paid as follows: $11,250 from mortgage; $1,500 from purchasers and the remaining $750 in the form of a second mortgage on the premises. He further advised that the plaintiffs would accept $200 for this second mortgage and that he would purchase the second mortgage for this amount. The purchaser could pay this off for $200 if paid within three months. This letter further advised the purchasers that the closing statement of the loaning agency would indicate a sales price of $12,750 but the actual cost of the property to them would be $12,950. On November 28, the defendant had the purchasers execute the second mortgage in the sum of $750. The sale was consummated at the offices of the lending institution and the closing statement indicated a purchase price of $12,750.

The plaintiffs were not aware of the second mortgage transaction and the defendant did not tell them of his approach to collect the $200 balance due on the real estate commission.

██ Defendant contends that the evidence was insufficient to support the verdicts and urges that the trial court at the close of plaintiffs' proofs should have allowed his motion for a directed verdict. The rule as to the propriety of the trial court directing a verdict is that if there is any evidence, together with all reasonable inferences to be drawn therefrom which tend to prove the material allegations of the complaint, the case should be submitted to the jury and the trial court has no right to direct the verdict. Sollars v. Blayney, 31 Ill App2d 341, 176 NE2d 477. A verdict will not be

set aside merely because the jury could have found differently, or because judges feel that other conclusions would be more reasonable. Kahn v. James Burton Co. 5 Ill2d 614, 126 NE2d 836. In reviewing the testimony and exhibits submitted we find there was competent evidence to submit this cause to the jury.

■ ■ There is no dispute but that the defendant was acting as a real estate agent on behalf of the plaintiffs and as such his relationship was one of trust and confidence and defendant owed to plaintiffs the duty of disclosure of all facts and circumstances and the duty not to take any advantage for his own gain nor to the injury to his principal. Sams v. Rigg, 339 Ill App 25, 88 NE2d 673. Kerfoot v. Hyman, 52 Ill 512. There was sufficient evidence presented that the defendant made a misrepresentation of a material fact for the purpose of influencing the plaintiffs' action; that the statement was untrue and defendant knew it to be untrue, and it was believed and relied upon by plaintiffs. Peterson v. Yacktman, 25 Ill App2d 208, 213, 166 NE2d 452.

■ Defendant complains of the admission into evidence of his net worth. Essential elements of fraud being present to be determined by the jury, it was proper to admit this evidence. Laughlin v. Hopkinson, 292 Ill 80, 126 NE 591. Chapin v. Tampoorlos, 325 Ill App 219, 59 NE2d 334.

■ Contention is made that the court erred in instructing the jury, on the issue of punitive and exemplary damages, that if it believed that the defendant acted wilfully, fraudulently and maliciously, then it could consider the pecuniary resources of the defendant in arriving at its verdict; and in instructing the jury that defendant owed the plaintiff the duty of full disclosure of all transactions. The objection is directed to the lack of evidence appearing in this record to support these instructions. In reviewing

157

the evidence as briefly outlined, we are of the opinion that the instructions were properly given. Laughlin v. Hopkinson, Chapin v. Tampoorlos, and Sams v. Rigg, supra.

The remaining error urged is the failure of the trial court to instruct the jury that because one of the plaintiffs failed to testify and there was no reasonable excuse for his failure to so do, that the jury may infer that such testimony may be adverse to the plaintiffs. Defendant calls this court's attention to Illinois Pattern Jury Instructions, sec 5.01. In Beery v. Breed, 311 Ill App 469, 474, 475, 36 NE2d 591, it was held:

> "The failure to bring before the tribunal some circumstance, document, or witness, when either the party himself or his opponent claims that the facts would thereby be elucidated, serves to indicate, as the most natural inference, that the party fears to do so, and this fear is some evidence that the circumstances or document or witness, if brought, would have exposed facts unfavorable to the party."

Similar holdings are found in Zegarski v. Ashland Savings & Loan Ass'n., 4 Ill App2d 118, 123; Petersen v. General Rug & Carpet Cleaners, Inc., 333 Ill App 47, 64–66, 77 NE2d 58.

In the present case the plaintiff husband sat at the counsel table throughout the trial and the testimony of the plaintiff wife reveals little, if any, information or factual presentation where the plaintiff husband had any knowledge of the transaction other than that testified to by the plaintiff wife. If defendant desired, he could have called plaintiff husband as an adverse witness under section 60 of the Civil Practice Act, without being bound by his testimony. His failure to do so gives rise to the implication that the testimony of such plaintiff would not have been favorable to him. Yet

158

he urges error in that the trial court failed to instruct the jury that it could infer that plaintiff husband's testimony would be adverse to plaintiffs.

■ ■ In Re Estate of McVicker, 39 Ill App2d 389, 396, 188 NE2d 731, the court said: "But no explanation is made as to why she was not called as a witness under section 60 of the Civil Practice Act which permits examination of an adverse party without being concluded by the testimony, unless it remains uncontradicted or unimpeached." If there is a plausible explanation for a party not testifying no unfavorable inference is warranted. We do not construe plaintiff husband's failure to testify under these circumstances as a failure to adduce testimony or physical evidence which would create a presumption that if the evidence were produced it would be adverse. The court did not err in refusing the proffered instruction.

For the reasons stated the judgment of the trial court is affirmed.

Judgment affirmed.

DAVIS and MORAN, JJ., concur.